FTC v. Odysseus Marketing                05-CV-330-SM  09/30/08

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Federal Trade Commission,
     Plaintiff

     v.                                    Civil No. 05-cv-330-SM
                                           Opinion No. 2008 DNH 183
Odysseus Marketing, Inc.,
and Walter W. Rines,
     Defendants


### CIVIL CONTEMPT ORDER


WHEREAS this court has fully considered the Commission's motion and supporting papers, as well as the full record, and applicable case and statutory law, and has concluded that contempt defendants are in civil contempt, the court now finds as follows:


1.   The contempt defendants received actual notice of this court's Permanent Injunction.


2.   The contempt defendants acted in concert or participation with each other collecting Internet users' personally identifiable information without those users' prior, express consent.

3. The contempt defendants' actions violated Paragraph IV A of the court's Permanent Injunction. That violation commenced no later than November 2006.

4. The evidence further indicates that defendant Rines violated Paragraph IX of the Permanent Injunction by failing to procure a $500,000 performance bond or to provide the FTC with a copy of that bond before participating or assisting others in the downloading of code or other content that causes the display of an advertisement, or collects any personally identifiable information, in violation of Paragraph IX of the court's Permanent Injunction. This violation commenced no later than November 2006.

5. The evidence further indicates that the harm caused by the contempt defendants' contumacious conduct is at least $555,850.04, a fair approximation of the revenue generated by the activity engaged in in violation of the permanent injunction.

6. The court finds defendant Rines and contempt defendants Wallace and OTM in civil contempt of its Permanent Injunction, and deems it necessary to issue the present Civil Contempt Order to coerce compliance with the Permanent Injunction and to order the contempt defendants to pay for harm resulting from their

contumacious conduct, by disgorging revenues obtained in violation of its provisions..

7.    Entry of this Order is in the public interest.

8.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies, except as otherwise provided herein.

## I.

IT IS ORDERED that the contempt defendants shall pay, jointly and severally for the harm caused as a result of their contempt, the amount of $555,850.04, representing disgorgement of revenue obtained in violation of the permanent injunction, by the close of business on October 31, 2008.  Defendants shall not, however, be obligated to disgorge more than that total amount, whether paid in this case or another civil action or proceeding (e.g., MySpace, Inc. v. Wallace, No. 07-cv-1929 (C.D. Cal)).

## II.

IT IS FURTHER ORDERED that there is no just reason for delay of entry of this Order, and, pursuant to Fed. R. Civ. P. 54(b), the Clerk shall enter this Order immediately.

3

III.

IT IS FURTHER ORDERED the court shall continue to retain jurisdiction of this matter for all purposes.


**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 30, 2008

cc:  Joshua S. Millard, Esq.
     Frank M. Gorman, Esq.
     Peter V. Doyle, Esq.